[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO REARGUE
The defendants have claimed in their request for an expedited appeal and in their motion for reargument that the court's decision in effect ignores the holding of the Supreme Court in Dinan v. Board of ZoningAppeals, 220 Conn. 61 (1991). The defendants say that the town ordinance in that case was similar to the ordinance of the Town of Groton in this case. The defendants argue that "in page after page of analysis" the court examined the basis for making a distinction between a family of related persons and concluded that "the restriction of `family use' of a dwelling to occupancy by a traditional family of related persons is not invalid as applied to the plaintiffs and that the ten persons presently occupying the property do not qualify." Id., 76-77.
The defendants go on to argue that Edmonds v. Oxford House,514 U.S. 725 (1995) did not invalidate an ordinance similar to that of Groton; it only decided that such municipal regulations are not within the FHA's absolute exemption, that is, automatic deferral to local regulation. In fact, it is argued our court in Dinan has declared such ordinances to be valid.
The court cannot disagree with any of the points made but suggestthey miss the mark. The defendants in their written briefs never referred toDinan and pitched their argument to the fact that both the state and federal Fair Housing Acts provide exemption from their operation where reasonable state and local occupancy limitations are in force. Viewed purely as an occupancy limitation, the Groton ordinance was not entitled to automatic exemption from the fair housing law for the reasons indicated in the court's decision.
It is quite true that the City of Edmonds case indicated that the fact that a local ordinance is not entitled to automatic exemption under 42 U.S.C. § 3607b(1) (our § 46a-64c(9) does not mean that the ordinance is illegal or discriminatory — that is a separate CT Page 13259 question. But the defendants never framed their position in that way so how can there be reargument on a position not argued in the first place.Dinan was not cited in the briefs.
But leaving that aside, can it be said that the Groton ordinance is discriminatory and will have a discriminatory impact?
In upholding the ordinance in Dinan, the court said that Stratford had chosen to create a zoning district permitting one-family homes that could be occupied by any number of people related by blood, marriage or adoption living together as a single household. The court said there is nothing wrong with this . . . "the police power may be used to promote `family values' and `youth values' that contribute to creating a sanctuary for people." Id., 75, quoting from Belle Terre v. Borgas,416 U.S. 1 (1974). In Dinan, the plaintiff, however, wanted to set up a rooming house for ten unrelated people; the court went on to note that "there is no indication of any tie among the plaintiffs' tenants that is likely to outlast their separate occupancies of the premises." Id., 74. The court went on to say at page 74:
 "Traditional families are united not merely by the legal relationships among them but also by the deep affection that arises from a lifetime of sharing not just common facilities or meals in a home, but every aspect of experience. Nontraditional families may have a similar basis for their unity. Such lasting relationships are likely to generate the interest of a family not only in the home it occupies, but in the neighborhood, its schools, parks and other accounterments of urban living. The transient and separate character of residency by the plaintiffs' tenants is not as likely to stimulate on their part similar concerns about the quality of living in the neighborhood for the long term.
 The municipal legislative body empowered to adopt zoning regulations in Stratford could reasonably have concluded the roomers or such occupants as the plaintiffs' tenants are less likely to develop the kind of friendly relationships with neighbors that abound in residential districts occupied by traditional families. While the plaintiffs' tenants continue to reside on the property, they are not likely to call upon them to borrow a cup of sugar, provide a ride to the store, mind the family pets, water the plants or perform any of the countless CT Page 13260 services that families, both traditional and nontraditional, provide to each other as a result of long-time acquaintance and mutual self-interest."
The prospective buyers in this case consisted of 4 children, the mother and a person who was apparently the father, although the adults were apparently not married. They even had a dog which, unfortunately, they could not bring with them into the trailer park due to pet restrictions. The letter rejecting the application was addressed to Mr. Cirrito and Ms. Michaud and acknowledged that these two people had an "intention to reside at 157 D Street in the park with (their) four children." Although the adults were the parents of the children; they were not married (Ex. 7) and not related by blood. Thus, "Mr. Cirrito, et al, could not live in the plaintiff's mobile home together since Mr. Cirrito and Ms. Michaud were not married and the six people were not all related to be a `single family,'" (defendants' brief.)
The court cannot ascertain a rational nondiscriminatory reason why this "nontraditional family" and its four children could be constitutionally barred from living in this mobile park. The court merely would point to all the justifications given in Dinan for the societal benefits sought to be achieved by this type of zoning for single-family dwellings. Isn't "Mr. Cirrito, et al" a nontraditional family and how can the local or state authorities say this "nontraditional" family would not provide all the benefits to their prospective neighborhood listed in Dinan just because the adults were not married. As applied in this case, the Groton zoning ordinance would raise serious questions of discrimination and discriminatory impact given the facts and record presented to the court. In any event, the court does not believe anything state in Dinan requires its decision on the motion for summary judgment to be changed at least on the basis of what has been raised in the motion to reargue.
Corradino, J.